■ NEWTON FRANK, Appellant, v. HILTON KIMLESS et al., Respondents.— In an action by a vendor for specific performance of an agreement to sell a fee interest in real property (first cause of action) and to recover rental value of the property (second cause of action), plaintiff appeals from (1) an order of the Supreme Court, Westchester County, entered June 17, 1971, which granted defendants' motion to dismiss the first and second causes of action on the ground that they failed to state causes of action (CPLR 3211, subd. [a], par. 7) and to dismiss the first cause of action on the additional ground of the Statute of Frauds (CPLR 3211, subd. [a], par. 5), and (2) a judgment of said court entered August 16, 1971 in favor of defendants upon said order. Order modified by striking from the decretal paragraph thereof everything following the words "is hereby", except the word "granted", and adding thereto, immediately after the word "granted", the following: "as to the second cause of action and denied as to the first cause of action." As so modified, order affirmed and judgment reversed, without costs. The time within which defendants may answer the complaint is extended until 20 days after entry of the order to be made hereon. It is alleged in the first cause of action of the complaint that in May of 1964 plaintiff and his then wife purchased, as

tenants by the entirety, certain real property in White Plains, New York, and that in May of 1967 plaintiff and his wife entered into a separation agreement in which the parties agreed that the wife's new husband (should she remarry) may elect to purchase the property, "provided the price offered matches the highest offer reasonably obtainable from disinterested persons, or, in the alternative, if the parties cannot agree, the reasonable value as same may be determined by three disinterested brokers dealing in Westchester real estate" [*sic*]. The first cause further alleges that plaintiff and his wife were duly divorced, that she thereafter married defendant Kimless, that pursuant to the terms of the separation agreement Kimless elected to purchase plaintiff's interest in the property for $10,000 and that thereafter plaintiff and Kimless agreed that the latter would pay $11,000 for plaintiff's interest instead of $10,000. The cause continues that plaintiff has ever since been and now is ready to perform all the terms of the agreement, but Kimless has refused to pay the $11,000. The second cause of action alleges that Kimless has been occupying the premises since June of 1970, that the reasonable rental value of the premises is $500 per month and that therefore $4,500 is due and owing to plaintiff. In our opinion, the second cause of action was properly dismissed. However, on the record presented, we cannot determine that the Statute of Frauds is a bar to the maintenance of the first cause of action, which sets forth a valid cause for breach of contract. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.